UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLAS EPSKAMP,** : | |
| Petitioner : | CIVIL ACTION NO. 3:21-1410 |
| v. : | (JUDGE MANNION) |
| **UNITED STATES OF AMERICA** : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Nicolas Epskamp, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2015 conviction in the United States District Court for the Southern District of New York for drug violations while onboard a United States aircraft. Id. A response (Doc. 8) and traverse (Doc. 9) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

On March 3, 2015, a jury convicted Epskamp of: (1) conspiracy to possess with intent to distribute a controlled substance on board an aircraft registered in the United States, in violation of 21 U.S.C. §§812, 959(b)(2), 960(a)(3), 960(b)(1)(B), and 963; and (2) possessing with intent to distribute a controlled substance on board an aircraft registered in the United States, in violation of 21 U.S.C. §§812, 959(b)(2), and 960(b)(1)(B), and 18 U.S.C. §2. (Doc. 8-1 at 3, Criminal Docket for Case # 1:12-cr-00120).

On June 23, 2015, the United States District Court for the Southern District of New York sentenced Petitioner to 264 months of imprisonment and no supervised release. Id.

On June 25, 2015, Petitioner filed a direct appeal to the Second Circuit raising the following five issues for review:

> First, he argued that the District Court lacked the power to exercise jurisdiction over his extraterritorial conduct, as a matter of both statutory and constitutional law. Second, he contends that the government adduced insufficient evidence at trial to support a conviction. Third, he claims that the District Court erred in its jury charge by instructing the jury that it could find Epskamp guilty without determining whether he knew of the aircraft's registration in the United States. Fourth, with respect to sentencing, he argues that the District Court clearly erred in denying him a minor role reduction pursuant to U.S.S.G. §3B1.2(b). Fifth, he contends that he was deprived of his Fifth and Sixth Amendment rights due to the government's alleged failure to assist in arranging for the

testimony of an exculpatory witness incarcerated in the Federal Republic of Germany.

United States v. Epskamp, 832 F.3d 154 (2d Cir. 2016).

On August 5, 2016, the Second Circuit affirmed the District Court. Id.

On February 21, 2017, the Supreme Court denied Epskamp's petition for a *writ of certiorari*. Epskamp v. United States, 137 S. Ct. 1122 (2017).

On December 9, 2016, Epskamp filed a motion to modify his sentence under 18 U.S.C. §3582(c)(2), believing an amendment to the United States Sentencing Guidelines had taken effect after he was sentenced, when, in fact, it took effect more than seven months before he was sentenced. (Doc. 8-1 at 3, Criminal Docket for Case # 1:12-cr-00120).

By Order dated December 22, 2016, Petitioner's motion to modify was denied after it was determined he had been sentenced under the Guidelines, as amended. (Doc. 8-2 at 2).

On March 3, 2017, Epskamp filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 based on two ineffective assistance of counsel claims: (1) that his two attorneys "failed to investigate the relevant law surrounding a mitigating role reduction under Section 3B1.2 of the United States Sentencing Guidelines" and (2) "that those same attorneys were ineffective at trial because they withdrew their request for [a witness's]

deposition in Germany and later failed to secure [the witness's] testimony at trial via CCTV." (Doc. 8-3 at 2).

By Opinion and Order dated December 27, 2018, Petitioner's §2255 motion was denied. Id.

On January 25, 2019, Epskamp filed a timely appeal to the Second Circuit, which dismissed the appeal for Epskamp's failure to establish "a substantial showing of the denial of a constitutional right." (Doc. 8-1 at 3, Criminal Docket for Case # 1:12-cr-00120).

On November 6, 2020, Epskamp filed a motion requesting a sentencing reduction pursuant to 18 U.S.C. §3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. 8-4 at 2). By Order dated January 30, 2021, Petitioner's motion was denied. Id.

On August 12, 2021, Petitioner filed the instant petition for writ of habeas corpus again challenging his Southern District of New York drug convictions, claiming the sentencing court erred in denying him a mitigating role adjustment and that the government failed to assist in securing the testimony of his German witness. (Doc. 1). He also complains that he received a higher sentence than his co-defendants because he chose to go to trial. Id.

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is

exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction

- 6 -

under §2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Epskamp has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Thus, he can only bring a challenge under §2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. Epskamp does not claim that §2255 is inadequate or ineffective; nor does he claim that he is actually innocent, or cite to any intervening change in the law that would make him so. (Doc. 1). To the contrary, all claims raised in his petition were available to him – and either were or should have been litigated – on direct appeal or in his prior §2255 motion. His lack of success to date does not open the door for §2241 relief.

The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018).

Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, Epskamp's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  May 16, 2023**
21-1410-01